IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DEMETRIUS HARDY**                                                                              **PLAINTIFF**

VS.                                                3:10CV00204JMM

**OLUSEYI T. OSINOWO; ARMSTRONG
TRANSFER AND STORAGE, INC./
ARMSTRONG RELOCATION COMPANY,
AND UNITED VAN LINES, LLC**                                                                **DEFENDANT**

## ORDER

Pending is Defendants' motion for partial summary judgment as to Plaintiff's claims for compensatory and punitive damages predicated upon theories of negligent hiring, training and supervision and any other claim predicated on any alleged independent act of negligence of Defendant Armstrong Transfer and Storage, Inc./ Armstrong Relocation Company and United Van Lines, LLC.  (Docket # 53).  Plaintiff has filed a response, Defendants have filed a reply and Plaintiff has filed a supplemental response.  For good cause shown, Defendants' motion is DENIED.

By order entered October 4, 2011, the Court denied Defendants' motion for summary judgment on the issue of punitive damages and ordered that the trial would be bifurcated. Defendants United and Armstrong admitted in their Answer to Plaintiff's Amended Complaint that Osinowo was their agent and statutory employee and that they are vicariously liable for any negligence of Osinowo.  Since the entry of the Court's bifurcation Order, Defendants United and Armstrong have admitted liability for compensatory damages.   In light of this admission, Phase One of the trial will be related to Plaintiff's damages only.  No evidence relative to the Defendants' alleged negligence, independent or imputed, will be relevant to the determination of compensatory damages.  Plaintiff will be permitted to introduce evidence relating to the accident

itself only as related to the causation of damages.  Accordingly, Defendants' motion for partial summary judgment with respect to compensatory damages for negligent hiring, training and supervision is denied as moot in light of the admission of liability.

In Phase Two of the trial, the court will allow the Plaintiff to present evidence to the jury to support his claim for punitive damages based upon the Defendants' independent negligence in hiring, training and supervising Osinowo. Accordingly, Defendants' motion for partial summary judgment is DENIED.

IT IS SO ORDERED this 20th day of October, 2011.

_____
James M. Moody
United States District Judge